# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2013

No. 12-40570
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE RAMIREZ-LOARCA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 7:12-CR-96-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Enrique Ramirez-Loarca appeals the forty-six-month sentence imposed

following his conviction of being present unlawfully in the United States after

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deportation.  He contends that the district court erred by imposing a sixteen-level enhancement under United States Sentencing Guidelines § 2L1.2 based on his conviction of statutory rape under Georgia Code Annotated § 16-6-3(a) (2005).  He particularly argues that his offense does not satisfy the "generic, contemporary meaning" of the enumerated offenses of "statutory rape" or "sexual abuse of a minor" because the statute of conviction prescribes a three-year age differential between the victim and the defendant, rather than four years.

The sole argument raised by Ramirez-Loarca is foreclosed by *United States v. Rodriguez*, 711 F.3d 541 (5th Cir. 2013) (en banc).  There, we applied a "plain-meaning" approach to determine the "generic, contemporary meaning" of "statutory rape" and "sexual abuse of a minor" and concluded that the generic definitions of those offense categories do not include any specific age differential.  *Id.* at 561-62 & n.28.  We expressly rejected the claim that the statute at issue— § 21.11(a)(1) of the Texas Penal Code—did not satisfy the "generic, contemporary meaning" of "sexual abuse of a minor" because the statute prescribed a three-year instead of a four-year age differential between the victim and the defendant.  *Id.* at 562 n.28.

In light of *Rodriguez*, Ramirez-Loarca has not shown that it was error for the district court to impose a sixteen-level enhancement under § 2L1.2 based on his conviction of statutory rape under § 16-6-3(a).  Thus, the judgment of sentence is AFFIRMED.